WORLD PACKAGE, EXPRESS & MESSENGER CO., APPELLANT, *v.* TRADES ASSEMBLY, ET AL., RESPONDENTS.

[No. 1493.]

[Submitted June 19, 1900.  Decided July 30, 1900.]

*Injunction—Appeal and Error—Failure to Except—Effect— Objections — Waiver.*

Plaintiff, on the hearing of his application for an injunction, swore a witness whose testimony, in scope and definiteness, exceeded the allegations of the complaint, and in argument on its admissibility the court ruled that the complaint did not state facts sufficient to constitute a cause of action, to which plaintiff excepted, when defendants asked leave to withdraw their affidavits in support of their answer, and to be allowed to stand on the answer alone, which was granted, and on motion of defendant the

court refused to continue the temporary order, and vacated the order to show cause, to which plaintiff excepted. *Held*, that plaintiff, by failing to insist on a ruling as to the admissibility of his evidence, and to object to the withdrawal of defendant's affidavits, and thereby allowing the question as to whether an injunction should issue to be submitted on the complaint and answer, waived his right to review the action of the trial court on appeal.

*Appeal from District Court, Silver Bow County; II. C. Smith, Judge.*

ACTION by the World Package, Express & Messenger Company against the Trades Assembly and others to restrain defendants from interfering with plaintiff's business. From an order dissolving a temporary injunction, and vacating an order to show cause, plaintiff appeals. Affirmed.

## STATEMENT OF THE CASE.

On July 23, 1899, the plaintiff applied to the District Court of Silver Bow County for an injunction to restrain the defendants from interfering with his messenger and express business, in which it is engaged in the city of Butte. The complaint alleges that in the conduct of said business the plaintiff makes use of electric call boxes, which it has installed in various houses and places of business in the city, and that these boxes are connected with its general office by means of electric wires; that it also employs men and uses teams and wagons for the purpose of carrying packages and express matter and delivering the same to its customers; that all the means thus employed are necessary and indispensible to the proper conduct of its said business; that the defendants have entered into a conspiracy to ruin plaintiff's business by destroying the said call boxes, the wires and other appliances used in connection therewith, by forcing the employes of plaintiff to leave its employment, and by compelling the merchants of Butte and plaintiff's other patrons to cease their patronage; that the defendants threaten to effect their purpose by actual destruction of plaintiff's said appliances; and to drive away its employes and patrons by means of a boycott; that defendants are all insolvent; and that plaintiff will suffer irreparable damage unless defendants are

restrained from their purpose. Upon this application one of the judges of said court made an order requiring the defendants to appear before the court on July 29th, at 10 o'clock a. m., to show cause why an injunction should not issue as prayed, and requiring them to refrain from molesting plaintiff's business in any way until a hearing could be had. At this time defendants McDonald, Maynard, Holden and Geiger appeared in their own behalf, and filed their answer, with certain affidavits to resist the issuance of injunction. The answer denies directly all the material allegations contained in the complaint. No other defendants appeared. A hearing was had, at which, from the recitals in the record, it appears the following proceedings occurred: "The plaintiff swore a witness in support of the allegations of its complaint, but the testimony offered greatly exceeded in scope, character and definiteness the allegations of the complaint, and upon the argument as to the admissibility of said testimony the presiding judge stated that he was of the opinion that the allegations of the complaint would not warrant the issuance of an injunction or restraining order, and that the complaint did not state facts sufficient to constitute a cause of action for an injunction." A recess was then taken until 2 o'clock p. m. At this hour, "the parties being present in person and by counsel, the defendants asked leave to withdraw their affidavits * * * from the files and stand upon their answer alone. Said leave was granted without objection. The court thereupon stated that he was of the same opinion in regard to the sufficiency of the complaint, to which ruling plaintiff duly excepted. Whereupon, on motion of defendants, the court refused to continue the temporary restraining order in force, and dissolved the same, and vacated the order to show cause, all upon the complaint and answer herein. Whereupon plaintiff moved the court for leave to amend the complaint, which motion was granted. Whereupon plaintiff duly excepted to order dissolving order to show cause and vacating temporary restraining order, and was granted 30 days to prepare, serve and file bill of exceptions. Whereupon and upon the same day, to-wit,

July 29, 1899, the plaintiff, in pursuance of the leave granted
by the court, duly filed its amended complaint herein.'' From
the order dissolving the restraining order, and vacating the
the order to show cause, the plaintiff appeals.

*Mr. O. M. Hall and Mr. Geo. A. Clark*, for Appellant.

*Mr. John N. Kirk*, for respondents.

**PER CURIAM.**—The condition of this case, as presented by
the recitals of the record quoted, is anomalous.   The appel-
lant obtained from the court no ruling upon the admissibility
of evidence under the allegations of the complaint.   If such a
ruling had been obtained, and the court had held the pleading
bad, an amendment framed to meet the views of the court
could have been filed, and thus the order to show cause and
the restraining order would have been preserved in force until
a hearing was had upon the evidence.   This course is always
proper, upon a motion to dissolve an injunction, if the facts
contained in the amendment existed at the time the original
complaint was filed (*Pfister* v. *Wade*, 59 Cal. 273; *Barber* v.
*Reynolds*, 33 Cal. 497; *Shipman* v. *Superior Court* [Cal.] 12
Pac. 787); and the rule applies as well to the situation pre-
sented by the record in the present case.   Either this course
should have been pursued, or the plaintiff should have offered
its proof, and then stood upon the ruling by which it was
excluded.   The plaintiff would then have been in position to
assign error upon the action of the District Court, and prop-
erly to present it for review on appeal to this court.   We
think the court was wrong in the opinion that the complaint
does not state a cause of action; but this expression of opinion,
though it may explain the plaintiff's subsequent action, was
not a decision of any question presented for determination.
No evidence was offered and excluded.   No objection was made
to the withdrawal of the affidavits filed in support of the deni-
als made by the answer.   The question as to whether an
injunction should issue was without objection submitted to the
court upon the complaint and answer.   As the answer met and

directly denied all the material allegations of the complaint, the action of the court thereon cannot be disturbed. Though in form the order vacated the restraining order, and discharged the order to show cause, it was in legal effect a refusal to issue the injunction upon the showing then made. In this there was no abuse of discretion. But, conceding that the opinion expressed by the court was in effect a ruling excluding plaintiff's evidence on the ground that the complaint was bad, the plaintiff is in no position to complain. The record fails to disclose any exception to the ruling taken at the time. The plaintiff having thus submitted without complaint to the court's action, thereby waived its right to have this Court review it and correct the error thus committed.

The order appealed from is affirmed.

*Affirmed.*

