PARR, APPELLANT, v. WEBB, RESPONDENT.

(No. 2,787.)

(Submitted January 18, 1910. Decided January 20, 1910.)

[106 Pac. 353.]

*Default Judgments — Vacation — On Condition—Payment of Costs—Acceptance—Waiver of Appeal.*

1. Where the district court granted the vacation of a default judgment and leave to answer, on condition that defendant pay to plaintiff the costs theretofore accrued, the latter, by accepting such costs, waived his right to appeal from the order.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

ACTION by C. M. Parr against John Webb. From an order granting defendant's motion to set aside a default judgment, plaintiff appeals. Affirmed.

In behalf of Appellant there was a brief by *Mr. Wm. P. McCarty* and *Mr. C. M. Parr.*

In behalf of Respondent, there was a brief by *Messrs. Kremer, Sanders & Kremer* and oral argument by *Mr. Alf. C. Kremer.*

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from an order of the district court of Silver Bow county, made and entered on the twelfth day of June, 1909, granting the motion of defendant to set aside and vacate a judgment against him. The motion was based upon the grounds of inadvertence, surprise, and excusable neglect. Affidavits were filed in support of the motion, and an answer was tendered. Counter-affidavits were presented by the plaintiff. The court ordered that the judgment be vacated, and leave to file the answer was granted, upon condition that the defendant within five days pay to the plaintiff the sum of $17.90, costs theretofore accrued. On June 24, 1909, an order

was entered, which, after setting forth a copy of a receipt by the plaintiff of the said sum of $17.90, from the defendant, directed that the records be made to show affirmatively that the order of June 12, 1909, had been in all respects complied with. On the same date the plaintiff asked and was granted thirty days' additional time in which to prepare and serve a bill of exceptions, and forty-five days in which to reply to defendant's answer.

It is insisted by the respondent that the plaintiff waived his right of appeal by accepting the costs awarded to him by the court below as a condition of granting the relief prayed for by the defendant, and by asking for time in which to reply. We think the position is well taken. Plaintiff's request for time in which to file a reply to the answer was altogether inconsistent with his request for additional time to prepare a bill of exceptions. Substantially the same condition arose in the case of *World Package Express Co.* v. *Trades Assembly,* 24 Mont. 348, 61 Pac. 990, but the cause was decided without comment upon that feature of the case. The acceptance by the appellant here, however, of the money ordered paid to him by the court below is an insurmountable obstacle in the way of his prosecuting successfully an appeal from the order which accorded him that benefit. The right to accept the fruits of an order, and the right to appeal therefrom, are not concurrent. On the contrary, they are totally inconsistent. An election to take one of these courses is a renunciation of the other. (*In re Shaver's Estate,* 131 Cal. 219, 63 Pac. 340.) A party cannot accept the benefit or advantage given him by an order, and then seek to have it reviewed. (*San Bernardino County* v. *Riverside County,* 135 Cal. 618, 67 Pac. 1047.) The rule has long been established that, where the plaintiff has accepted money ordered paid by the defendant for costs and expenses as a condition of an order setting aside a judgment by default, he will be deemed to have consented to the order, and to have waived the right of appeal. (2 Spelling on New Trial and Appellate Practice, sec. 652; *Smith* v. *Coleman,* 77 Wis. 343, 46 N. W. 664; *Buena Vista County* v. *Iowa*

*Falls etc. R. Co.*, 55 Iowa, 157, 7 N. W. 474; *Lamprey* v. *Henk,* 16 Minn. 405 (Gil. 362).)

The general rule, involving the principle contended for by the respondent, was laid down by this court in *Re Black's Estate,* 32 Mont. 51, 79 Pac. 554. As therein stated, there is an exception to the rule where the appeal is from some specific part of a judgment; and a review of the action of the court on one or more independent issues will not disturb the determination already had of those about which no complaint is made, or where the amount found in favor of the appellant is due him in any event. This case, however, does not fall within the exception. In case of reversal the appellant would have his judgment, which includes costs, and also the costs as an independent item. He was not entitled to his costs by virtue of the order, save upon condition that the defendant should also profit by that portion thereof granting the right to answer.

We are of opinion that the order appealed from should be, and it is hereby, affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.