FILED

08/18/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0081

DA 20-0081

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 212

JEFF GOTTLOB, ELAINE MITCHELL, JAMES CHILDRESS,
and all others similarly situated,

Plaintiffs and Appellees,

v.

MICHAEL DesROSIER, RON RIDES AT THE DOOR,
TOM McKAY, DON WILSON, GALEN GALBREATH,
and GLACIER COUNTY,

Defendants and Appellants,

and

STATE OF MONTANA,

Defendant.

APPEAL FROM:    District Court of the Ninth Judicial District,
                In and For the County of Glacier, Cause No. DV 17-19
                Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Kirk D. Evenson, Marra, Evenson & Levine, P.C., Great Falls, Montana

                Terryl T. Matt; Glacier County Attorney, Cut Bank, Montana

        For Appellees:

                Lawrence A. Anderson, Attorney at Law, P.C., Great Falls, Montana

                                Submitted on Briefs:  June 24, 2020
                                        Decided:  August 18, 2020

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Defendants Glacier County and named county officials (collectively "County Officials" or the "County") appeal from the September 23, 2019, and January 14, 2020, judgments of the Montana Ninth Judicial District Court granting Plaintiffs' motion for appointment of a financial receiver for the County pursuant to § 27-20-102(3), MCA. The narrow issue on appeal is:

> *Whether the District Court erroneously appointed a receiver to determine the personal liability of County officers under § 7-6-4005(2), MCA, on the underlying claims for relief?*

We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 This is the fifth case arising from the ongoing dispute between Plaintiffs Jeff Gottlob, *et al.*, and the County, specifically including its individual Commissioners and Treasurer, and regarding alleged financial mismanagement and non-compliance with government budgeting, auditing, and tax laws in 2015-2018.[1] We accordingly set forth

---

[1] See *Gottlob v. Glacier Cty.*, 2020 MT 210, ___ Mont. ___, ___ P.3d ___ (No. DA 19-0596) (affirming denial of Rule 12(b)(1) motion to dismiss due to lack of subject matter jurisdiction); *Mitchell v. Glacier County*, No. DA 19-0440, 2020 MT 173N, 2020 Mont. Lexis 1992 (affirming Rule 12(b)(6) dismissal of various tort and related statutory and constitutional claims against county and county officials in re administrative professional licensing complaint filed against plaintiff by an individual county official); *DesRosier v. Mont. Ninth Judicial Dist. Ct.*, No. OP 18-0721, 395 Mont. 523, 437 P.3d 113 (table) (Feb. 19, 2019) (exercise of supervisory control vacating writ of mandamus compelling county treasurer to recognize certain attempted property tax protests for deposit in property tax protest fund pursuant to § 15-1-402(1), MCA); *Mitchell v. Glacier Cty.*, 2017 MT 258, 389 Mont. 122, 406 P.3d 427 (holding that taxpayers lacked standing to compel state and county compliance with asserted statutory budgeting and auditing requirements or for declaratory judgment of non-compliance with governing auditing, budgeting, and tax laws).

only the factual and procedural background necessary to address the narrow issue presented.

¶3 On July 19, 2019, Plaintiffs filed their Fourth Amended Complaint asserting various claims against the County and County Officials which we construe and summarize as follows:

(1) Count 1: claim for declaratory judgment pursuant to §§ 15-1-406(1)(b), (5), and 27-8-101, MCA (declaratory judgment remedy for property tax challenges and Uniform Declaratory Judgment Act), that the County Officials disbursed protested taxes prior to a final determination of this action in violation of § 15-1-402(4)(a), MCA (maintenance of protested property taxes in protest fund until final determination);

(2) Counts 2 and 4 (alternative remedies): claim for declaratory judgment pursuant to § 15-1-406(1)(b), MCA, that County Officials levied taxes for tax years 2015-2017 in violation of §§ 7-6-4020, -4021, and -4030, MCA, with prayer for property tax refunds pursuant to § 15-1-408(1), MCA (Count 2), or ensuing tax year levy reduction pursuant to § 15-1-408(2), MCA (Count 4);

(3) Count 3: claim for declaratory judgment pursuant to § 27-8-101, MCA (Uniform Declaratory Judgment Act), that County Officials owe common law fiduciary duties to taxpayers and that they breached those duties by:

   (A) disbursing or "liquidat[ing]" protested property taxes in violation of § 15-1-402(4)(a), MCA;

   (B) spending in excess of the County's budget authority in violation of §§ 7-6-4005(1), -4033, -4034(1), and (2), MCA; and

   (C) levying taxes and spending violation or in excess of their budget authority for tax years 2015-2019 in violation of §§ 7-6-4005(1), -4006(2), -4020, -4021, -4024, -4030, -4033, -4034(1), -4036, and 15-10-420, MCA;

(4) Count 5: claim for declaratory judgment pursuant to § 27-8-101, MCA (Uniform Declaratory Judgment Act), that the Single Audit Act (§ 2-7-501, *et seq.*, MCA) is unconstitutional in violation of "the substantive due process guarantees" of the Montana and United States constitutions, the Montana

4

constitutional "right-to-a-remedy guarantee," and the Montana constitutional "strict accountability guarantee";

(5)     Count 6: claim for specified class action certification pursuant to M. R. Civ. P. 23(a), (b)(2), (b)(3), or (c)(4), MCA;

(6)     Count 7: claim for common fund assessment of litigation costs and attorney fees;

(7)     Count 8: claim for judicial invalidation of "all Glacier County decisions" in violation §§ 7-6-4020, -4021, -4030, -4034, and -4036, MCA, made in violation of the plaintiffs'/class members' rights "to know and to participate" under Article II, Sections 8-9 of the Montana Constitution, and §§ 7-6-4021 and -4030, MCA; and

(8)     Count 9: claim for private attorney general attorney fees-shifting based on private enforcement of Article VIII, Section 12; Article II, Sections 8-9 of the Montana Constitution; and § 15-1-402(4)(a), MCA.

Counts 1-4 further seek declaratory judgment that the named County Commissioners are each personally liable pursuant to § 7-6-4005(2), MCA, for the alleged illegalities. The Fourth Amended Complaint also separately prayed for appointment of a "financial receiver . . . to assure [County] compliance with budgeting and expenditure laws" and a "forensic auditor to determine the nature and extent of [the] County's violations of budgeting and expenditure laws."

¶4     By motion filed prior to filing of their Fourth Amended Complaint, Plaintiffs sought appointment of a financial receiver pendente lite to:

> be responsible to assure that the budgeting, tax levying, expenditure and disbursement, and accounting laws are strictly complied with until [the] County can demonstrate [that] its officials are able to strictly comply with such laws.

The motion also sought appointment of a separate forensic auditor to:

5

be responsible to determine the nature and extent of County officials' personal liability for disbursements and expenditures in violation of § 7-6-4005(1) and (2), MCA, and other laws that seek to ensure public accountability of public monies.[2]

The County and co-defendant State of Montana separately opposed both requests on various asserted legal grounds but did not materially dispute Plaintiffs' supporting factual assertions regarding alleged financial mismanagement and related illegalities by the County.[3]

¶5    By written judgment entered on the briefs without evidentiary hearing on September 23, 2019, the District Court partially denied and partially granted Plaintiffs' motion.  Acknowledging the County's assertion that appointment of a receiver with the broad purpose and powers requested (i.e., power and duty to assure strict county compliance with "budgeting, tax levying, expenditure and disbursement, and accounting laws") would usurp executive branch functions in violation of Montana Constitution Article III, Section 1 (separation of powers), the District Court refused to appoint a receiver for the purpose requested by Plaintiffs.  On the stated ground that they provided no "legal authority for such an appointment nor any discussion of the specific need for one," the court further denied Plaintiffs' motion for appointment of a separate forensic auditor.

---

[2] On June 10, 2019, Plaintiffs filed a "Supplement to Plaintiffs' Motion to Appoint a Financial Receiver and Forensic Auditor."

[3] The State is a named co-defendant based on prior and current complaint allegations regarding the alleged lack of State enforcement of the Single Budget Act and challenging its constitutionality. See Fourth Amended Complaint (Count 5) and *Mitchell*, ¶¶ 22-33.

6

¶6    The District Court ultimately found and concluded, however, that appointment of a more limited receivership "to determine the extent of personal liability" of the County Commissioners for deficit spending under § 7-6-4005(2), MCA, was warranted pursuant to § 27-20-102(3), MCA, based on the following findings and conclusions:

(1)    a class "property interest" exists "in [Plaintiffs'] protested property tax payments" previously released by the County from the property tax protest fund in violation of § 15-1-402(4)(a), MCA, and the continued maintenance of their "remaining" protested tax payments in protest fund as required by § 15-1-402(4)(a), MCA;

(2)    the class property interest is "in danger of being removed or materially injured by [the] County" based on its prior unlawful release of protested tax payments and its "alleged intermingling of public school funding and other public funds";

(3)    the County "is in dire financial straits" as indicated by an independent audit for the period of 2015-2016;

(4)    "recent audits" indicate that the County "may have already intermingled or failed to properly account for the Class's recent tax protest payments";

(5)    neither the State (in the administration of the Single Audit Act), nor "the voters of Glacier County," have held the County "responsible for its fiscal mismanagement"; and

(6)    "neither the Glacier County Attorney nor the [State] Attorney General . . . have adequately investigated the potential personal liability of the County Commissioners."

In the subsequent appointment and charging order entered January 14, 2020, the Court clearly and unambiguously[4] ordered the appointment of a receiver, to be nominated by

---

[4] The court's initial order noted that Plaintiffs "simply ask[] [that] the receiver . . . be allowed to determine the personal liability of the County Commissioners" but then somewhat ambiguously stated, "as discussed, the receiver's role is simply to determine the extent of personal liability the elected officials could potentially be exposed to for their deficit spending. Therefore, the Motion . . . is granted, subject to the above discussion's limitations."

7

Plaintiffs' counsel, with the unqualified "duty . . . to calculate," and report on, "the personal liability of [the] Glacier County Commissioners" under § 7-6-4005, MCA (personal liability for disbursements, expenditures, and obligations in excess of the total appropriations for a fund), from fiscal year 2015 to date.[5] The order further decreed the County responsible to pay all court-approved costs of the receivership and summarily overruled, without specification or explanation, all prior County objections not previously addressed. The court stayed execution of the receivership order pending appeal and the County timely appealed.

## STANDARD OF REVIEW

¶7 District court orders granting or denying appointment, directing, or refusing to dissolve appointments of receivers are immediately appealable. M. R. App. P. 6(3)(g). Our scope of review under M. R. App. P. 6(3)(g) is limited to the appealable issue and the evidentiary basis, pertinent conclusions or applications of law, and ultimate rationale for the action or ruling of the court. *See* M. R. App. P. 6(3)(g); *Crowley v. Valley W. Water Co.*, 267 Mont. 144, 150, 882 P.2d 1022, 1025 (1994). We accordingly review district court appointments of receivers for an abuse of discretion under the standards of Title 27, chapter 20, MCA, and related principles of equity upon which those statutes are based. *Sandrock v. DeTienne*, 2010 MT 237, ¶ 25, 358 Mont. 175, 243 P.3d 1123; *Johnson v. Booth*, 2008 MT 155, ¶ 12, 343 Mont. 268, 184 P.3d 289; *Crowley*, 267 Mont. at 150, 882

---

[5] To that end, the order granted the receiver sweeping powers to access, inspect, copy/download County and third-party records and to compel County officers and employees to produce records and submit to related interviews.

8

P.2d at 1025. A court abuses its discretion if it exercises granted discretion based on a clearly erroneous finding of material fact, an erroneous conclusion of law, or otherwise acts arbitrarily, without conscientious judgment or in excess of the bounds of reason, resulting in substantial injustice. *In re Marriage of Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894; *Larson v. State*, 2019 MT 28, ¶ 16, 394 Mont. 167, 434 P.3d 241. We review conclusions and applications of law de novo for correctness. *Larson*, ¶ 16. *Zimmerman v. Connor*, 1998 MT 131, ¶ 7, 289 Mont. 148, 958 P.2d 1195.

## DISCUSSION

¶8 *Whether the District Court erroneously appointed a receiver to determine the personal* liability *of County officers under § 7-6-4005(2), MCA, on the underlying claims for relief?*

¶9 Title 27, chapter 20, MCA, provides the statutory framework for appointment and administration of equitable receiverships. Section 27-20-102, MCA, specifies particular instances where receiverships are proper. *Crowley*, 267 Mont. at 150, 882 P.2d 1025-26. Except for 2009 amendments as to form and clarity,[6] § 27-20-102, MCA, "remains virtually unchanged since" reenactment after statehood in 1895. *Crowley*, 267 Mont. at 150, 882 P.2d at 1026.

¶10 Due to their extraordinarily drastic and severe nature, receiverships are an auxiliary remedy subject to even more equitable restriction than preliminary injunctions. *See, e.g.*, *Sandrock*, ¶ 25; *State ex rel. Larry C. Iverson, Inc. v. Ninth Jud. Dist. Ct.*, 146 Mont. 362, 372, 406 P.2d 828, 833 (1965); *Little v. Little*, 125 Mont. 278, 285, 234 P.2d 832, 835

---

[6] See 2009 Mont. Laws ch. 2 and 56.

(1951); *Brown v. Erb-Harper-Rigney Co.*, 48 Mont. 17, 27, 133 P. 691, 694 (1913); *Jacobs v. Jacobs Mercantile Co.*, 37 Mont. 321, 333-35, 96 P. 723, 727 (1908). Regardless of the modern merger of law and equity, courts may appoint a receivership pendente lite only with the utmost caution and conservatism upon clear and convincing evidentiary proof of one of the applicable criteria specified by § 27-20-102(1)-(4), MCA, *and* extraordinary circumstances where no other legal or equitable remedy is adequate to prevent a manifest risk of imminent or irreparable harm or loss prior to final judgment on the merits of the underlying claim for relief. *Sandrock*, ¶ 25; *Crowley*, 267 Mont. at 150-51, 882 P.2d at 1025-26; *Little*, 125 Mont. at 285, 234 P.2d at 835-36; *Scholefield v. Merrill Mortuaries, Inc.*, 93 Mont. at 205, 17 P.2d at 1084 (1932); *Mont. Ranches Co. v. Dolan*, 53 Mont. 397, 402, 164 P. 306, 307 (1917); *Brown*, 48 Mont. at 27, 133 P. at 694; *Jacobs*, 37 Mont. at 333-35, 96 P. at 727. Thus, for example, receiverships are generally not proper under § 27-20-102, MCA, "merely for the purpose of collecting a judgment debt" where other legal or equitable remedies are available. *Crowley*, 267 Mont. at 151, 882 P.2d at 1026 (distinguishing receivership for protection of collateral from underlying debt); *Little*, 125 Mont. at 284, 234 P.2d at 835 (construing § 93-4401, RCM (1947)); *Mont. Ranches Co.*, 53 Mont. at 402-03, 164 P. at 307 (noting availability of other legal and equitable remedies less drastic than receivership). The party seeking a receivership has the burden of "presenting facts sufficient to . . . [show the requisite] necessity" for the receivership. *Mont. Ranches Co.*, 53 Mont. at 402-03, 164 P. at 307; *Benepe-Owenhouse Co. v. Scheidegger*, 32 Mont. 424, 432, 80 P. 1024, 1027 (1905) ("complaint verified on

10

information and belief" insufficient for appointment of receiver—receivership proper only upon "legal evidence").

¶11 Section 27-20-102(3), MCA, is the cited statutory basis for the receivership in this case. In pertinent part, § 27-20-102(3), MCA, authorizes discretionary appointment of a receiver:

> in . . . an action . . . pending . . . between . . . [parties] jointly owning or interested in any property or fund [on] . . . application . . . [showing that the applicant's asserted] right to or interest in the property or fund[,] or the proceeds of the property or fund[,] is probable and . . . the property or fund is in danger of being lost, removed, or materially injured.

On appeal, the County does not dispute the District Court's finding that the Plaintiffs have a class property interest in previously released and remaining protested property tax payments under § 15-1-402(4)(a), MCA. The County further admits that it "has encountered [unspecified] financial difficulties," but asserts that genuine issues of material fact remain as to whether, and to what extent, those difficulties "may have resulted from one or more of the [i]ndividual [d]efendants making" a disbursement, expenditure, or "obligation in excess of total appropriations for a [county] fund" as alleged.

¶12 The County's primary assertion of error is that the stated purpose of the receivership in this case is beyond and unrelated to the limited availability and purpose of a receiver pendente lite under § 27-20-102(3), MCA. The County further asserts that, to the extent predicated on the rationale that the receivership is necessary due to the State's alleged failure to enforce County compliance with the Single Audit Act, the receivership violates the law of the case established in *Mitchell*, ¶¶ 22-33 (holding that taxpayers lacked standing to compel state enforcement of the Act). Finally, citing *MEA-MFT v. McCulloch*,

11

2012 MT 211, ¶¶ 22-30, 366 Mont. 266, 291 P.3d 1075 (separation of powers violated by statutory delegation to legislative officer of power and duty to determine projected state general fund balance for purposes of granting tax credits, refunds, or pay-outs from surplus tax revenue), the County asserts that the receivership usurps the executive branch duty and authority of the State under the Single Budget Act in violation of Article III, Section 1 of the Montana Constitution.

¶13 The limited purpose of a receivership pendente lite is to prevent imminent or irreparable harm or loss to the subject property, thereby defeating the objective of the predicate claim, prior to final judgment on the merits. *Crowley*, 267 Mont. at 151, 882 P.2d at 1026; *Brown*, 48 Mont. at 27, 133 P. at 694; *Jacobs*, 37 Mont. at 333-35, 96 P. at 727. Here, the stated purpose of the receivership is to determine, and report on, the extent of the personal liability of individual County Officials under § 7-6-4005(2), MCA (personal liability for disbursements, expenditures, and obligations in excess of the total appropriations for a fund), from fiscal year 2015 to date. However, determination of the liability of a defendant on an underlying claim for relief is hardly the protection or preservation of the subject property or fund from damage, loss, or depletion pending adjudication of the claim on the merits. Thus, as asserted by the County, the stated purpose of the receivership clearly exceeds and is unrelated to the limited purpose of a receivership pendente lite.

¶14 Tacitly acknowledging this manifest defect, Plaintiffs essentially ask us to nonetheless affirm on a right result/wrong reason basis. Acknowledging that the granted purpose and powers are those of "an auditor" (i.e., "to investigate financial records and to

12

make reports") rather than an equitable receiver, they assert that the denominated appointment of a "receiver" was in effect the appointment of a "special master," as authorized under M. R. Civ. P. 53(a)(1) and (b)(1)(B). They assert that the findings and conclusions articulated by the court in support of the receivership also satisfy the Rule 53(b)(1)(B) requirement for a showing "that some exceptional condition requires the [appointment]" of a special master-auditor. Indeed, Rule 53(a)(1) and (b)(1)(B) authorize the discretionary appointment of a special master/auditor "on a showing that some exceptional condition requires the [appointment], or in an accounting." However, the balance of its language expressly provides that Rule 53(b)(1)(B) applies only in "an action to be tried by the court." Here, under their currently governing Fourth Amended Complaint, Plaintiffs have demanded a "trial by jury of all issues triable by jury in this cause."[7] Consequently, aside from Plaintiffs' failure to raise this alternative theory and authority below, M. R. Civ. P. 53(b)(1)(B) does not apply in this case as a threshold matter of law.

¶15 The receivership in this case is also problematic on another ground. Based on their limited availability and purpose, courts must appoint receivers pendente lite based only on the limited appointment criteria without anticipating or adjudicating issues that go to the ultimate merits of the underlying claim for relief. *See City of Whitefish v. Bd. of Cty. Comm'rs of Flathead Cty.*, 2008 MT 436, ¶¶ 17-18, 347 Mont. 490, 199 P.3d 201

---

[7] See Mont. Const. art. II, § 26 (right to jury trial), and M. R. Civ. P. 38-39(a) (effect of demand for jury trial).

(erroneous denial of preliminary injunction based on anticipation and determination of ultimate merits of underlying claim—court erroneously "put the cart before the horse"); *Crowley*, 267 Mont. at 151, 882 P.2d at 1026; *Brown*, 48 Mont. at 27, 133 P. at 694; *Jacobs*, 37 Mont. at 333-35, 96 P. at 727.[8]  Here, *inter alia*, a stated central justification for the receivership was the court's finding that:

> the class property interest is "in danger of being removed or materially injured by [the] County" *based on its prior unlawful release of protested tax payments* and its "alleged intermingling of public school funding and other public funds.

(Emphasis added.)  The cited "prior unlawful release of protested tax payments" is an essential element of proof on Counts 1 and 3 as pled under Plaintiffs' Fourth Amended Complaint.  The clear and unambiguous command in the subsequent appointment and charging order for the receiver "to calculate the personal liability of Glacier County Commissioners" under § 7-6-4005, MCA, similarly anticipates, presumes, and concludes that those officials are personally liable on the merits under Counts 2-4 as pled under the Fourth Amended Complaint.  Thus, the District Court appointed the receiver based on a preliminary adjudication of the ultimate merits of the underlying claims for relief to which the receivership is only auxiliary.  As in *City of Whitefish*, the District Court erroneously put the proverbial cart before the horse.

---

[8] *Accord Yockey v. Kearns Props., LLC*, 2005 MT 27, ¶ 18, 326 Mont. 28, 106 P.3d 1185; *Sweet Grass Farms, Ltd. v. Bd. of Cty. Comm'rs of Sweet Grass Cty.*, 2000 MT 147, ¶ 28, 300 Mont. 66, 2 P.3d 825.

¶16    Finally, as another stated justification, the District Court further reasoned that the receivership is necessary because the State has failed to enforce County compliance with the Single Audit Act.[9]   However, aside from implicating the noted separation of powers concern, the court's rationale is contrary to our prior recognition that the Legislature placed the enforcement provisions of the Single Audit Act within the broad discretion of an executive branch state agency and that Plaintiffs thus have no right or standing in the enforcement or non-enforcement of the Act.  *See Mitchell*, ¶¶ 27-32.  ("[t]axpayers . . . cannot show that their claims against the State assert a legally cognizable injury to a civil right sufficient to confer standing").  Thus, as a matter of law under the circumstances of this case, the alleged lack of State enforcement of the Single Audit Act cannot establish or contribute to the requisite necessity for a appointment of a receiver under § 27-20-102(3), MCA.[10]

---

[9] That rationale tracked Plaintiffs' assertion below, *inter alia*, that "[w]hen such laws are not enforced, the judiciary, sitting in equity, must step into the breach."

[10] Effective May 2, 2019, the Legislature has now provided a contingent private right of enforcement of the Single Audit Act, conditioned on exhaustion of specified administrative remedies through the Montana Department of Administration.  Sections 2-7-523 and -524, MCA (2019 Mont. Laws ch. 268, §§ 4-5 (SB 302)).  Plaintiffs asserted below, however, that a Savings Clause allows them to proceed under prior law outside the new law.  The District Court agreed, concluding that the "Savings Clause means that the new law does not affect this action or the rights of the parties prior to May 2, 2019."  Because Plaintiffs filed their request for a receiver prior to that date, the court ruled that it "has authority to rule on it under § 27-20-102, MCA, without first requiring exhaustion of remedies.  Should the Class decide the relief granted by this motion is inadequate, the Class will need to exhaust administrative remedies before seeking a receivership (or a modification of the scope of this receivership) under the new law."  Plaintiffs do not challenge this ruling on appeal and we express no opinion on it.

¶17 For the foregoing reasons, we hold that the District Court erroneously appointed a receiver for a stated purpose in excess of and unrelated to the limited purpose of a receivership pendente lite under § 27-20-102(3), MCA. We hold further that the receivership is also erroneously based on a preliminary adjudication of the ultimate merits of its underlying claims for relief and on a reason (i.e., alleged lack of State enforcement of the Single Audit Act) that under the circumstances of this case cannot establish or contribute to the requisite necessity for appointment of a receiver under § 27-20-102(3), MCA. Having disposed of the issue presented on non-constitutional grounds, we need not address the County's assertion that the receivership violates separation of powers under Article III, Section 1 of the Montana Constitution.

**CONCLUSION**

¶18 For the foregoing reasons, we hold that the District Court abused its discretion in appointing a receiver for Glacier County in this case. Reversed and remanded for further proceedings.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE

16