[L. A. No. 711.    Department Two.—May 14, 1900.]

# L. J. CHRISTOPHER et al., Appellants, v. NICHOLAS CON-DOGEORGE, Respondent.

INJUNCTION—APPEAL FROM MODIFYING ORDER—REVIEW.—Upon an appeal by the plaintiffs from an order modifying an injunction, no error of the court in not directly passing upon a pending motion of the defendant to reopen the hearing of a motion to dissolve the injunction can be reviewed; and no fact bearing upon such motion, or upon the refusal of the court to dissolve the injunction, can be considered where it does not clearly appear that the defendant's motion to dissolve the injunction was based upon the same pleadings and affidavits considered upon the order modifying the injunction.

ID.—ANSWER TREATED AS AFFIDAVIT—VERIFICATION—"INFORMATION AND BELIEF."—A verified answer denying the allegations and substantial equities of the complaint may be treated as an affidavit in making an order modifying an injunction granted upon a verified complaint, and if in the body of the answer no fact is stated upon information and belief the verification is to be regarded as a positive affirmance of the truth of the allegations of the answer, notwithstanding the use of the form of verification containing the usual words, "except as to the matters and things therein stated on his information and belief," etc.

ID.—MODIFICATION OF INJUNCTION—DISCRETION OF COURT.—The modification of a preliminary injunction is a matter in the sound discretion of the trial court, and unless this discretion appears to have been abused, this court will not interfere.

APPEAL from an order of the Superior Court of Los Angeles County modifying an injunction.    W. H. Clark, Judge.

The facts are stated in the opinion.

Milton K. Young, for Appellants.

Tanner & Taft, for Respondent.

CHIPMAN, C.—Appeal from an order modifying an injunction. Plaintiffs, doing business as copartners in Los Angeles, being the owners of certain personal property consisting of various articles, including a soda fountain, used in outfitting a shop in which to sell confections, ice cream, soda, etc., leased the

property to defendant by a written instrument dated August 31, 1898. On November 23, 1898, plaintiffs filed their verified complaint, alleging the execution of the lease, possession of defendant under the same, and that "defendant agreed to conduct with the use of said property an ice cream parlor and soda fountain in the town of Santa Monica, and to handle and serve ice cream manufactured by said plaintiffs, and no other, for the period mentioned in said lease." The lease set out in the complaint makes no mention of such agreement and is silent as to any restriction as to the place where the property may be taken and used. It provided for a rental of seven hundred and twenty-five dollars for the whole term, which expired August 1, 1899, of which three hundred and fifty dollars had been paid and no more; payments were to be made by installments, to wit, twenty-five dollars cash in hand, three hundred and twenty-five dollars sixty days from date of lease, and three hundred and seventy-five dollars August 1, 1899, and upon the last payment being made, and upon the further payment of one dollar, the lessee was to become the owner of the property. The complaint alleged that defendant threatened to remove said property to the Hawaiian Islands; that injury to the soda fountain would thus ensue by the corrosion of its parts through the action of salt air; that waste and irreparable injury would follow; that defendant had refused to further conduct the business in Santa Monica and was insolvent; and that defendant paid three hundred and fifty dollars on account of said lease and no more. As a further cause of action it is alleged that defendant threatens to store the said property in a warehouse for eight months, paying no storage thereon, and that such expense will fall as a charge upon plaintiffs in order to get possession; that such treatment of the property, by storage, will produce waste and irreparable injury of the same by keeping the soda fountain out of use. The prayer is for an injunction restraining defendant from removing said goods from the town of Santa Monica; also restraining the storage of the same and requiring defendant to return the property to plaintiffs, and for general relief. The court, upon issuance of summons on the day complaint was filed, made its preliminary *ex parte* order restraining defendant from removing the property from Los Angeles county. On No-

vember 26, 1898, defendant filed his verified answer denying specifically most of the allegations of the complaint, and denying that he made any agreements other than such as appear in the written lease; admits that he has packed the goods and shipped the same to San Francisco, where he intends to use said goods for the purposes for which they are intended; denies insolvency, and alleges ability to meet all his obligations as they become due; denies any intention to remove the goods out of the state. The complaint alleged that the goods had been delivered to a transportation company for shipment. The answer admits the delivery for shipment, but avers that defendant's intention is to ship the goods to San Francisco and not elsewhere; denies that he threatens to store the goods as alleged; denies that any ocean voyage will injure the property; alleges that plaintiffs have a speedy and adequate remedy at law; that defendant is being greatly injured financially by the injunction and prays for its dissolution; admits, by not denying the allegation of the complaint, that he has paid but three hundred and fifty dollars. Notice of motion to dissolve the injunction was duly served on plaintiffs, and the court ordered the hearing for November 28, 1898, on which day the motion was heard on the complaint, writ, answer, and the affidavit of one of plaintiff's attorneys that he had on November 12, 1898, received a certain letter from defendant which is made part of the affidavit. This letter was an appeal to the attorney to try and do something for him. He states that he had offered to plaintiffs to make a loss of fifty dollars in the transaction, and give up the fixtures, or that he be allowed to take them to Honolulu, but plaintiffs refused to do the one or the other; he says he is making no money, and is really running at a loss, and is sure he cannot make enough to meet the payments yet to be made on the lease. Just what bearing the letter has in the matter is not plain to see, except as very slightly tending to show an intention to remove the property to Honolulu, and as in some slight degree tending to show inability to pay for the property. The motion was argued and submitted for decision on the day of the hearing. On November 29, 1898, the next day, and before the court had rendered its decision, plaintiff's counsel served and filed notice of a motion to reopen the hearing on the motion to dissolve the injunc-

tion, supported by an affidavit of plaintiffs' counsel which stated that counsel was prevented by pressure of business from presenting at the hearing affidavits in reply to defendant's answer, and on the ground that counsel had procured an affidavit showing that it is defendant's intention to ship the property to Seattle, in the state of Washington. The same counsel also made affidavit of sundry facts tending to show the intention of defendant, and also tending to show that it was not feasible for counsel to have taken out a writ of replevin. This motion to reopen the hearing came on to be heard December 5, 1898; and on that day an amended complaint was served and filed, and the hearing on the motion to reopen the hearing, then under submission to the court, was continued to December 12th, at which time it was heard on the amended complaint and the affidavits which were used at the former hearing—i. e., the hearing on the motion to dissolve—and on that day the court made an order modifying the injunction by restraining the defendant from removing the property out of the state. The motion to reopen the hearing seems not to have been distinctly passed upon. The appeal is by plaintiffs from the order modifying the injunction. It might, perhaps, be held that in making the order modifying the injunction the court in effect denied the motion to reopen the hearing. However this may be, the appeal does not reach any error of the court in thus dealing with the motion to reopen the hearing. The motion on which the order was made was heard on the original complaint, and not on the amended complaint, as appears from the bill of exceptions. Appellant claims that although the answer is direct and positive in its denials, it is to be considered as having been made on information and belief because the verification is in form on information and belief. The claim is that if the answer is to be regarded as an affidavit this must be so, and that section 446 of the Code of Civil Procedure relates only to the verification of pleadings on information and belief. The form of verification prescribed by this section of the code is a declaration of the affiant that he knows the contents of the pleading, and that it is true of his own knowledge "except as to the matters and things therein stated on his information and belief," etc. In the body of the answer no fact is stated on information and be-

lief, and therefore the verification is a positive affirmance of the truth of the allegations of the answer. The verified answer is entitled to be read and considered the same as is the verified complaint.

Respondent urges that we should look to the merits of the action as set forth in the complaint in determining whether the facts set forth therein justified an injunction at all, and, if not, the order should be sustained for that reason. Respondent does not appeal from the order. We cannot, therefore, consider any fact bearing upon the refusal of the court to dissolve the injunction. To consider the merits of the action now, as the pleadings stand, would be to forestall the lower court in advance of the final hearing. When the motion to dissolve the injunction was heard and submitted there was nothing before the court except the original complaint, the writ, answer, and the letter of defendant attached to the affidavit of Mr. Young, plaintiffs' attorney. If it was true that the amended answer and the affidavits submitted with it on the motion to reopen the hearing of defendant's motion were considered by the court in deciding the motion that was then under submission, that fact should have been made clearly to appear. It not so appearing, we must confine ourselves to the matter as it appeared when the defendant's motion was submitted for decision.

The modification of a preliminary injunction is a matter in the sound discretion of the trial court, and unless this discretion appears to have been abused this court will not interfere. (*Marks v. Weinstock, Lubin & Co.*, 121 Cal. 53, and cases there cited.)

The material averments of the complaint were denied; substantially all of its equities were denied; the averment that there was any agreement other than as expressed in the written lease was denied, and it was alleged in the answer that there was no other agreement than the written instrument set forth in the complaint. In view of the facts as we have them we do not think the court abused its discretion in modifying the injunction, and it is therefore advised that the order be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.            Temple, J., McFarland, J., Henshaw, J.