(87 App. Div. 317.)

KIELEY et al. v. BARRON & COOKE HEATING & POWER CO.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. COMPLAINT—VERIFICATION—EFFECT.
    The verification of a complaint to the effect that the allegations are true except as to those matters therein stated to be alleged on information and belief, and that those are believed to be true, where all the allegations of the complaint are positive, is equivalent to an unqualified verification that the allegations are true to the knowledge of the affiant.

2. CORPORATIONS—TEMPORARY RECEIVER—AUTHORITY OF COURT.
    Code Civ. Proc. § 1788, authorizing the court in actions against corporations to appoint a receiver at any stage thereof, does not justify the appointment of a receiver on the allegations of the complaint alone before the expiration of the time for defendant to answer, the appointment before final judgment not being authorized except where it satisfactorily appears that it is necessary to the protection of plaintiff's rights.

---

¶ 1. See Pleading, vol. 39, Cent. Dig. § 894.

Appeal from Special Term, New York County.

Action by Timothy J. Kieley and another, comprising the firm of Kieley & Mueller, against the Barron & Cooke Heating & Power Company. From an order granting plaintiffs' motion for the appointment of a temporary receiver of defendant corporation, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Anthony J. Griffin, for appellant.

R. M. Crater, for respondents.

LAUGHLIN, J. This is an action for the sequestration of the property of the defendant, a domestic corporation, brought pursuant to the provisions of section 1784 of the Code of Civil Procedure. The plaintiffs allege in their complaint that they recovered a money judgment against the defendant on the 31st day of October, 1902, and that the judgment was duly docketed, and execution issued thereon and returned unsatisfied. The verification of the complaint is the usual verification that the allegations are true, except as to those matters that are therein stated to be alleged upon information and belief, and that those are believed to be true; but all of the allegations in the complaint are positive, and the verification is therefore equivalent to an unqualified verification that the allegations are true to the knowledge of the affiant. The plaintiffs served notice of the motion for the appointment of a receiver, based upon the summons and complaint alone, on the 25th day of April, 1903, at the time the summons and complaint were served. No other papers were presented on the motion, but the defendant appeared and objected to the granting thereof.

The court is authorized to appoint a temporary receiver in such an action (Code Civ. Proc. § 1788), but this does not justify the appointment of a receiver as a matter of right upon the bare allegations of the complaint alone. The effect of the order appointing the receiver is to take the entire possession, control, and management of the corporate property and affairs out of the hands of its officers and directors. This relief should not be awarded until final judgment, except in a case where it satisfactorily appears that it is essential to the protection of the plaintiff's rights. There was no proof before the court of the necessity for the appointment of a receiver prior to final judgment. When the motion was made the defendant had not answered, nor had its time to answer expired. The plaintiff may be defeated in the action. The order sequestrates the property of the defendant, and decrees the relief that would be granted upon final judgment in favor of the plaintiff, except that the amount of the indebtedness has not been directed to be paid over. Facts and circumstances with reference to the condition and management of the corporate affairs, showing the necessity of the receivership pending the action in order to render effectual a final judgment in favor of the plaintiff, should have been shown. It may be that the rights of the plaintiff, if he is entitled to any relief prior to judgment, could be sufficiently protected by an injunction order, which the court

might grant without resorting to a receivership; and it may be that the protection of his rights does not require the appointment of a temporary receiver.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

PATTERSON, INGRAHAM, and HATCH, JJ., concur.

VAN BRUNT, P. J. I concur in result. I think that the facts should appear by affidavit authorizing the appointment of a receiver.