BENEPE-OWENHOUSE COMPANY, RESPONDENT, *v.*
SCHEIDEGGER, APPELLANT.

(No. 2,171.)

(Submitted March 25, 1905. Decided May 22, 1905.)

*Receivers—Ex parte Appointment—Existence of Exigency—Burden of Proof—Mode of Showing—Verified Complaint.*

Accounting—Complaint—Injunction—Receivers.
  1. *Obiter:* Where the complaint in an action for an accounting fails to state a cause of action, the ancillary relief of injunction or the appointment of a receiver will be denied.

Receivers—Appointment—Exigency—Burden of Proof—Appeal—Record.
   2.   Under Code of Civil Procedure, section 951, authorizing the *ex parte* appointment of a receiver only when there is immediate danger of the removal, loss, or destruction of the property or fund, the burden is on the applicant to show that such an exigency exists as to authorize the appointment *ex parte* and when the case is brought before a court of review, such showing must affirmatively appear from the record.

Receivers—Complaint—Verification.
   3.   An *ex parte* order appointing a receiver cannot be based on the complaint alone, unless it satisfies the requirements of an evidential affidavit by a verification on affiant's own personal knowledge.   A verification upon "knowledge, information and belief" is insufficient.

Receivers—Appointment—Emergency.
   4.   The appointment of a receiver is an extraordinary remedy, to be resorted to only in cases of emergency.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

Action by Benepe-Owenhouse Company, a corporation, against Jacob Scheidegger.   From an order overruling a motion to vacate an order appointing a receiver, defendant appeals.   Reversed.

*Mr. John A. Luce,* for Respondent.

There is nothing in sections 950 and 951 of the Code of Civil Procedure which would preclude the court from acting upon the complaint of a corporation verified as provided by section 731 of the Code of Civil Procedure.   The allegations in the complaint are made with the utmost positiveness.   Nothing is stated therein upon information and belief.   It is true Mr. Benepe in said verification averred that the matters stated in the complaint are true "to his best knowledge, information and belief."   This is a positive statement that the facts are true; it is not a statement made upon information and belief. It has been held that where an affidavit is sworn to upon the belief of the party it is equivalent to swearing that it is true. (*Champ* v. *Kendrick,* 130 Ind. 549, 30 N. E. 787, 788; *Christopher* v. *Condogeorge,* 128 Cal. 581, 61 Pac. 174, 175.)

It has been held that the word "belief" in a verification of this kind can be rejected as surplusage and that it amounts to

a positive affidavit. (*Seattle Coal etc. Co.* v. *Thomas,* 57 Cal. 197; *Kirk* v. *Rhoades,* 46 Cal. 399-404; *Curry* v. *Baker,* 31 Ind. 151.) The form for a verification of a corporation having been provided, it was necessary to follow the statutory form and this was sufficient. (*Ely* v. *Fisby,* 17 Cal. 250, 257, 258; *Kirk* v. *Rhoades, supra; In re McCauly,* 94 N. Y. 574, 577, 578; 22 Ency. of Pl. & Pr. 1045; *State* v. *Anderson,* 26 Fla. 240, 8 South. 1.)

The statement that the allegations of the complaint are true is positively made and the words "information and belief" may be treated as surplusage. Furthermore, if the affidavit for the appointment of receiver is insufficient or defective a new affidavit may· be put in. (17 Ency. of Pl. & Pr. 736, 737, and cases cited; *Martin* v. *Burwyn,* 88 Ga. 78.)

*Messrs. Walrath & Patten,* for Appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 2, 1903, Benepe-Owenhouse Company, a corporation, entered into a contract in writing with one Jacob Scheidegger, by the terms of which certain real estate and personal property were leased to Scheidegger for a term of five years. In January, 1905, this action was commenced by the company against Scheidegger. The complaint sets forth the contract at length, and then alleges that at the time of the making of the contract there was a well-established custom and usage in Gallatin county among the farmers and dairymen that under an agreement such as the one mentioned above, settlements for moneys received from the sale of livestock, pork, dairy, and poultry products shall be made monthly at the end of each month, and for crops raised upon the ranch a division thereof shall be made within a reasonable time after such crops are harvested. It is then alleged that this contract was entered into in view of such custom and usage, and that, acting thereon, the defendant during the year 1903 settled with the plaintiff according to such custom and usage, and that such settlements

were made and continued up until February 1, 1904. The value of the livestock and of the dairy, pork and poultry products sold during 1904 is then set forth, and the increase on such livestock is specified. It is also alleged that there was grown upon the ranch during that year three hundred and forty tons of hay, more or less.

The complaint then alleges that at the time of the commencement of this action there was due to the plaintiff from the defendant $569.22, more or less, as the plaintiff's share of the money derived from the sale of livestock, pork, dairy, and poultry products; that about November 1, 1904, the defendant repudiated the agreement, refused to pay over to the plaintiff its share of the income from the business carried on, and appropriated to his own use the entire proceeds from such business, and threatens to continue to do so, and threatens to sell or otherwise dispose of the hay raised upon the ranch during that year, and to appropriate the proceeds to his own use, and has ousted the plaintiff from any participation whatever in the business so conducted; that the plaintiff has demanded of defendant that he pay over to plaintiff the amount due it, and to divide the hay grown upon the ranch during 1904, but defendant has refused to comply with such demand, and unlawfully excludes the plaintiff from any further participation in the business. It is alleged that the defendant is continuing to carry on the dairy and poultry business and to sell the products thereof, and to sell the pork and pork products, and to appropriate the proceeds therefrom to his own use, and that, unless restrained by the court, he will continue so to do. It is then alleged that the defendant is insolvent, and wholly irresponsible, and cannot respond in damages, and without the interposition of the court the plaintiff's share of the proceeds from such operations will be entirely lost.

The prayer of the complaint is for an accounting, for the appointment of a receiver to take charge of the business pending the litigation, that an injunction issue restraining the defendant from interfering in any manner with the property in-

volved in the controversy, that the agreement be declared rescinded, and the property restored to the plaintiff.    The complaint is verified by F. L. Benepe, president of the company, and such verification is as follows: "That he has read the foregoing complaint, and knows the contents thereof; that the facts therein stated are true to the best knowledge, information, and belief of affiant."    This complaint was filed on the 12th day of January, and summons issued.    On the 13th day of January, and before the service of summons, the judge of the district court appointed a receiver to take charge of the property in controversy and to manage and operate the same.

The bill of exceptions recites that the order appointing the receiver was made without notice to the defendant, and without any hearing of the cause upon its merits; that no affidavit or oral testimony was offered or heard by the said judge in support of such application, and that the order was made solely upon the complaint and the averments therein contained.    On February 4, 1905, the defendant made a motion to have the order appointing the receiver vacated.    The motion is based upon the ground that the complaint does not state facts sufficient to constitute a cause of action, or to entitle the plaintiff to have a receiver appointed; that the facts stated are not sufficient to justify the court or judge in making an order appointing a receiver without notice; that the complaint is verified upon information and belief only, and not positively; and that the complaint fails to allege particular facts, or any facts or circumstances, showing the necessity for the appointment of a receiver without notice.    Upon the hearing this motion was overruled, and from the order overruling such motion the defendant appeals.

It is not seriously contended that upon this appeal this court should be called upon to pass upon the sufficiency of the complaint to state a cause of action.    This record does not show any appearance on the part of the defendant, other than his motion to vacate the order appointing the receiver.    As the appointment of a receiver or the issuing of an injunction is an-

cillary to the action for an accounting, if the complaint does not state facts sufficient to constitute a cause of action for an accounting, of course the ancillary relief would necessarily have to be denied.    However, without comment upon the sufficiency of the complaint, we dismiss all of the grounds urged in the motion to vacate the order appointing the receiver except the one urged that the complaint is verified upon information and belief, and not positively.

As recited in the bill of exceptions, there was no oral testimony taken on the hearing of the application for the order appointing the receiver, and no affidavits filed in support of such application.    Section 951 of the Code of Civil Procedure provides that the order appointing a receiver shall not be made without notice to the adverse party, unless it shall appear to the court that there is immediate danger that the property or fund will be removed from the jurisdiction of the court or lost, materially injured, destroyed, or unlawfully disposed of.    But how shall these facts be made to appear to the court?

Section 3100 of the same Code provides that judicial evidence is the means sanctioned by law for ascertaining in a judicial proceeding the truth respecting a question of fact.    Section 3104 provides that there are four kinds of evidence: First, the knowledge of the court; second, the testimony of witnesses; third, writings; and, fourth, other material objects presented to the senses.    The recitals in the bill of exceptions in this instance exclude from consideration the first, third, and fourth kinds of evidence.    Section 3320 provides that the testimony of a witness may be taken, first, by affidavit; second, by deposition; and, third, by oral examination.    The bill of exceptions recites that there was no oral examination of witnesses, that no deposition was presented in support of the application for the order appointing the receiver, and we find that we are limited in our consideration to the one question: Was the application made upon an affidavit?

It may be considered settled beyond controversy that in an application of this character the complaint may be and is consid-

ered as an affidavit, provided it is such in fact; in other words, if it is such a written declaration, under oath, of facts to which the deponent might testify under oral examination. The complaint sets forth in detail the plaintiff's cause of action, and these facts Mr. Benepe alleges are true to his best knowledge, information, and belief. It cannot be ascertained from the complaint itself or the verification what portion of the facts therein alleged are declared upon his own knowledge, what portion upon information which may have been furnished to him from whatever source obtainable, or what portion upon his mere belief, which may be a deduction from facts and circumstances as they appeared to him.

The decisions of courts as to the sufficiency of verifications to pleadings as such, or the sufficiency of affidavits which may have been used in other proceedings, are of little assistance to us in this instance.

If a verification to a pleading conforms substantially to statutory requirements, it is sufficient for that purpose and an affidavit might be sufficient for one purpose and not for another. But the office of the complaint in this case was made to serve the double purpose of a pleading and proof of the allegations contained in it; and in this latter aspect it must be considered from the standpoint of evidence and tested by the rules of evidence, rather than those of pleading and practice. If the allegations are made positively, and sworn to as of the affiant's own knowledge, there is no apparent reason why they may not have convinced the court or judge of their truth, and of the imminent danger in which the property was alleged to be. If the allegations, however positively made, are sworn to only upon information furnished to the affiant by some third person, then they are merely hearsay, and ought not to have been given any evidentiary value, for the evidence necessary to move the appointing power must be legal evidence.

If it be said that it does not appear that any particular allegations are made upon information and belief, it is sufficient to say that it does not appear which, if any, of the allegations are

made upon the affiant's own knowledge; and as plaintiff is seeking to bring this case within the exception to the general rule announced in section 951, above, that a receiver shall not be appointed without notice, the burden is assumed by plaintiff to show that it does come within such exception, and to make such showing by competent legal evidence, and when brought before a court of review this must appear affirmatively from the record itself.

It is contended that the verification is made according to the requirements of section 731 of the Code of Civil Procedure, and this is correct.   The verification is sufficient for the purposes which the complaint serves as a pleading, but it does not aid the complaint when offered as proof of the existence of certain facts.   If the facts stated in the complaint were known to the personal knowledge of Mr. Benepe, there was nothing to prevent him from embodying them in an affidavit in support of the application, and, if done, the absence of any statutory requirement that the verification must be in a particular form, as when made by a corporation to a pleading, would have permitted him as an individual to state them positively.   We are not called upon to say whether or not a verification to a complaint in an action by a corporation may be made positively as of the affiant's own knowledge.   Upon this appeal we can consider only the alleged errors presented by the appellant, not those suggested by respondent.

The case of *Christopher* v. *Condogeorge,* 128 Cal. 581, 61 Pac. 174, is not in point.   In that case the verification to the pleading was in statutory form: that affiant knows the contents thereof, and that the allegations are true of his own knowledge, except as to the matters stated therein on information and belief.   This, then, is a positive declaration that all the allegations are true to affiant's own knowledge, except such as appear in the pleading to be upon information and belief; and an examination of the pleading disclosed that there were not any allegations which appeared to be made upon information and belief, and the court thereupon very properly held

that under those circumstances the allegations were all made positively as of affiant's own knowledge.

We do not hold that a complaint in an action wherein the appointment of a receiver is sought must be verified positively as of affiant's own personal knowledge, but we do say it must be done in every such instance wherein the appointment is asked upon the complaint alone, and if not done so, it must be supported by affidavits which have evidentiary value. This is a general rule recognized by the great weight of authority, to which there may be some exceptions, but the present case does not fall within any of the exceptions, if such in fact there are.

The remedy which the law affords by authorizing the appointment of a receiver is an extraordinary one, to be resorted to only in cases of emergency. It is the apparent peril of the property in controversy, the probable cause to apprehend its loss or injury, or the imminent danger of its being removed beyond the jurisdiction of the court, wherein the delay incident to the giving of notice might of itself defeat the ends of justice, that warrants such an appointment being made *ex parte;* but, in any event, the court or judge making the appointment can only act upon legal evidence of the emergency and of the particular facts which bring the case within the exception to the general rule, which requires notice before such appointment can be made.

The authorities are practically uniform in holding that a complaint verified on information and belief furnishes no proof upon which the appointing power can act. (*Burgess & Co.* v. *Martin,* 111 Ala. 656, 20 South. 506; *Pollard* v. *Southern Fertilizer Co.,* 122 Ala. 409, 25 South. 169; *New South B. & L. Assn.* v. *Willingham,* 93 Ga. 218, 18 S. E. 435; *Siegmund* v. *Ascher,* 37 Ill. App. 122; *Darcin* v. *Wells,* 61 How. Pr. (N. Y.) 259; *Davis* v. *Reaves,* 2 Lea (Tenn.), 649; *Grandin* v. *La Bar,* 2 N. D. 206, 50 N. W. 151; Beach on Receivers, Alderson's ed., sec. 163; High on Receivers, 3d ed., sec. 89; Smith on Receiverships, sec. 384; Alderson on Receivers, sec. 113.)

As the court below acted without any legal evidence before it in appointing the receiver, it should have sustained the motion to vacate the order of appointment, and its refusal constituted reversible error.

The order overruling the motion to vacate the order appointing a receiver is reversed.

*Reversed.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.