---

(121 App. Div. 634.)

### CONNOLLY et al. v. SCHROEDER et al.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

1. PLEADING—VERIFICATION.

The form in which defendants are sued for rent showing that they are doing business together and presumptively as partners, and the complaint and answer showing joint occupancy by them and presumptively, therefore, joint knowledge of that fact and of the facts attending the making of the lease and the payment or tender of rent, the verification of the answer as to such matters by one of the defendants, without a statement that he was acquainted with the facts, is sufficient under Code Civ. Proc. § 525, providing that, where several parties united in interest plead together, the verification may be made by one of them, who is acquainted with the facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 888, 889.]

2. SAME—DENIALS ON INFORMATION AND BELIEF.

The answer in an action for rent by one claiming to have purchased the premises from defendants' lessor may deny sufficient knowledge to form a belief as to such purchase or plaintiffs' present ownership of the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 249–252.]

3. SAME.

An answer may, for the purpose of putting plaintiffs to proof of the regularity of the institution and prosecution of summary proceedings, which the complaint alleges were duly instituted in a court of competent jurisdiction, deny on information and belief the institution and prosecution of summary proceedings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 249–252.]

Appeal from Special Term, New York County.

Action by Mary A. Connolly and others against Gustav Schroeder and another, doing business under the firm name of Schroeder Bros. From an order denying a motion to compel plaintiffs to accept the answer, defendants appeal. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Bertram L. Kraus, for appellants.
Francis Woodbridge, for respondents.

HOUGHTON, J. The verified complaint alleges that the defendants are indebted for rent of premises occupied by them and belonging to plaintiffs. The answer denies any knowledge or information sufficient to form a belief as to the ownership of the premises and the institution and prosecution of summary proceedings to dispossess defendants, and denies absolutely the other allegations of the complaint,

and sets up, by way of defense and counterclaim, leasing of the premises from a former owner for a definite period at a stipulated rent, which was tendered to these plaintiffs and refused, whereupon defendants were dispossessed without authority, for which damages are claimed. The verification of the answer was by one of the defendants, stating that he was such, and that the answer was true of his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believed it to be true. The answer was returned by the attorneys for plaintiffs; acceptance of service being refused on the ground that the verification was incomplete, in that it did not state that it was made by a defendant acquainted with the facts. The defendants moved to compel plaintiffs to accept service of the answer, which motion was denied.

Section 525 of the Code of Civil Procedure provides that if there are two or more parties united in interest, and they plead together, the verification of a pleading must be made by at least one of them who is acquainted with the facts, except in certain instances, where it may be made by other individuals. Where the pleadings themselves show that the several defendants are united in interest, and that presumptively the verifying defendant is acquainted with the facts, the verification need not so state. Paddock v. Palmer, 32 Misc. Rep. 426, 66 N. Y. Supp. 743. The form in which the defendants are sued shows that they are doing business together, and presumptively as partners; and the complaint alleges that together they occupied the premises from which they were dispossessed for nonpayment of rent. The answer admits the occupancy of the premises, but claims they were so occupied under a lease from the plaintiffs' predecessor in title, which had not yet expired. Both the complaint and answer show joint occupancy, and presumptively, therefore, joint knowledge of that fact, and of the facts attending the making of the lease and the payment or tender of rent. It was proper enough to deny sufficient knowledge to form a belief as to the purchase of the premises by the plaintiffs, or their present ownership of them; and it is apparent that the denial upon information and belief of the instituting and prosecution of summary proceedings was for the purpose of putting the plaintiffs to proof of their regularity. The plaintiffs alleged that they were duly instituted in a court of competent jurisdiction. It was proper pleading for the defendants to say that they had no knowledge or information sufficient to form a belief as to that fact. The pleadings upon their face show that the verifying defendant presumably had knowledge of the facts, and it was unnecessary to so state in the verification itself. The motion to compel plaintiffs to accept service of the answer should have been granted.

The order appealed from is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.