[Civ. No. 1479.  First Appellate District.—June 13, 1914.]

## J. P. LASSEN, Appellant, v. THE BOARD OF DENTAL EXAMINERS OF THE STATE et al., Respondents.

Dentists—Aiding or Abetting Unlawful Practice—Sufficiency of Verification of Charge.—The verification of an accusation of a dentist before the board of dental examiners, charging him with aiding and abetting an unlicensed person in practicing dentistry, is sufficient when in the following language: "D." being first duly sworn, says that she is the petitioner in the above and foregoing petition; that she has read and signed the same and knows the contents thereof; that the facts therein stated are true of her own knowledge, except as to the matters therein alleged on information and belief, and as to those matters, that she believes it to be true." The words, "except as to such matters therein stated on information and belief," are mere surplusage.

Id.—Affidavit—Interpretation and Sufficiency—Information and Belief.—An affidavit that all the facts alleged are true to the knowledge of the affiant, except such as are stated on information and belief, where no facts are so stated, is equivalent to an affidavit that all the facts alleged are true to the knowledge of the affiant.

Id.—Positive Averments in Verification—Absence of Facts on Information and Belief.—Where no fact is stated on information and belief, a verification is regarded as a positive affirmance of the truth of the allegation. If an averment is made positively, the verification is sufficient if the affidavit states that the facts are true of the pleader's own knowledge.

Id.—Aiding or Abetting Unlawful Practice of Dentistry—Validity of Dental Act.—The Dental Act (Gen. Laws 1910 p. 300) is not void as leaving the decision as to what constitutes aiding and abetting an unlicensed person in the practice of dentistry to the board of dental examiners or to the individual making the accusation.

Id.—Suspension of Dentist's License for Abetting Unlawful Practice.—The act of a dentist in employing an unlicensed person, providing him with an office and dental instruments for the purpose of practicing dentistry, and receiving the reward of his illegal practice, is aiding and abetting such person to commit the offense of practicing dentistry without a license, and justifies the board of dental examiners in suspending the dentist's license.

Id.—Aid and Abet—Meaning of Words.—The expression "to aid and abet" as used in criminal law means being present either actually or constructively at the time and place of the offense and doing some act which renders aid to the perpetrator.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. E. Crothers, Judge.

The facts are stated in the opinion of the court.

J. G. Reisner, for Appellant.

U. S. Webb, Attorney-General, and John T. Nourse, Deputy Attorney-General, for Respondents.

KERRIGAN, J.—In this proceeding the petitioner prayed for a writ of review directed against the board of dental examiners, upon its action in suspending the petitioner's license to practice dentistry in this state, for the reason that he had aided and abetted a person to practice dentistry unlawfully. The writ was issued out of the superior court, and after a hearing that court rendered judgment affirming the proceedings of the board of dental examiners. This appeal is from such judgment.

The transcript consists of the writ, the return, and the judgment. In the return to the writ the proceedings of the court upon the hearing of the charges preferred against the petitioner and appellant are set forth, together with a certificate of its secretary as to what proceedings were taken upon said hearing. From this certificate it appears that when the charges were called for hearing, petitioner appeared with his counsel; and upon the swearing of a stenographer to take down the testimony, the board proceeded to take testimony in support of the written charges made by a party familiar with the facts. Thereupon petitioner entered an oral demurrer to the charges contained in the written accusation, which upon being overruled, and upon a reading of the charges, a plea of not guilty was entered by the appellant. Witnesses were then called on behalf of the prosecution. While an opportunity was given to the petitioner to present testimony in his own behalf, he offered no evidence in denial of or in opposition to any of the charges. The certificate further recites that the evidence was then closed and after a full consideration of the matter the board found the facts stated in the written charges to be true, and determined that petitioner was guilty as charged, and sus-

pended his license to practice dentistry for the period of one year. The evidence taken by the board is not certified in the return.

Two points are relied upon by petitioner for a reversal of the judgment:

First, it is claimed that the accusation upon which the judgment of the board is based is not verified by a person "familiar with the facts" alleged in the accusation, as required by the Dental Act; and that, as no evidence is incorporated in the return, showing that the accuser was so acquainted, the accusation standing alone is insufficient to show that the board ever acquired jurisdiction to render judgment, and that such judgment is therefore void.

Second: It is further claimed that the provisions of the Dental Act leave the power within the board to determine what is meant by aiding and abetting, and for that reason this provision of the act is null and void.

From the accusation contained in the return it appears that J. P. Lassen, petitioner herein, is charged with unprofessional conduct; and as the basis of such charge certain facts are specified, the substance of which is as follows:

That on or about the eighth day of February, 1913, petitioner maintained a dental office in the city and county of San Francisco; and on the said day directly and knowingly employed one Harry E. Keck, an unlicensed dentist, for the purpose of performing operations of all kinds, including the treating and correction of lesions and mal-imposed formations of the human teeth and jaws; and that on or about said day, and pursuant to his employment by petitioner, said Harry E. Keck did perform an operation upon the teeth of one Arthur Barrons for a fee, and that such fee was retained by petitioner.

A second allegation charges petitioner with permitting said Keck to have the use of petitioner's office and certain dental implements and paraphernalia, for the purpose of practicing dentistry, as the same is defined by section 15 of the Dental Act, and charges that by said acts he aided and abetted a nonlicensed person to practice dentistry unlawfully.

This accusation, upon which the board based its judgment, was made and verified by one Carrie E. Doolittle, the verification being in the usual form provided by section 446 of the

24 Cal. App.—49

Code of Civil Procedure.  The contention of appellant that the accusation upon which the judgment of the board is based was not verified by a person familiar with the facts alleged in the accusation cannot be maintained.  Section 21½ of Act 922, General Laws, page 300, provides that ''All accusations must be in writing verified by some party familiar with the facts therein charged.''

The accusation upon which the board based its judgment was verified as follows:

''Carrie E. Doolittle, being first duly sworn, says that she is the petitioner in the above and foregoing petition; that she has read and signed the same and knows the contents thereof; that the facts therein stated are true of her own knowledge, except as to the matters therein alleged on information and belief, and as to those matters, that she believes it to be true.''

In support of the contention that the verification is insufficient it is argued that under such a verification all of the facts charged in the accusation might have been made on information and belief and that this does not satisfy the mandate of the statute.  But every allegation of fact, contained in the accusation is stated positively as of the accuser's own knowledge.  There is no fact alleged upon information and belief.  An affidavit that all the facts alleged are true to the knowledge of the affiant except such as are stated on information and belief, where no facts are so alleged, is equivalent to an affidavit that all the facts alleged are true to the knowledge of the affiant, notwithstanding the usual words, ''except as to those matters therein stated on information and belief,'' etc.

Where no fact is stated on information or belief a verification is regarded as a positive affirmance of the truth of the allegation.  (*Christopher* v. *Condogeorge,* 128 Cal. 581, [61 Pac. 174]; *Benepe* v. *Scheidegger,* 32 Mont. 424, [80 Pac. 1024, 1026].)  If an averment is made positively, the verification is sufficient if the affidavit states that the facts are true of the pleader's own knowledge.  As was said in *Patterson* v. *Ely,* 19 Cal. 28, 40, ''To require anything further would be to sink the evident spirit and object of the statute into a mere observance of form.''  (See 31 Cyc. 541–543; *Connolly* v. *Schroeder,* 121 App. Div. 634, [106 N. Y. Supp. 304]; *In re Curtiss,* 134 App. Div. 547, [119 N. Y. Supp. 556]; *Keiley*

v. *Barron,* 87 App. Div. 317, [84 N. Y. Supp. 306] ; *Muirhead*
v. *Sands,* 111 Mich. 487, [69 N. W. 826].)   The cases of *In
re Hotchkiss,* 58 Cal. 39, and *In re Hudson,* 102 Cal. 467,
[36 Pac. 812], cited by appellant in support of his contention,
are not in point.   In both of those cases, which were dis-
barment proceedings, the accusation and verification were ex-
pressly stated to be made on information and belief; while
the statute (Code Civ. Proc., sec. 291), requires the ac-
cusation to be verified by positive affirmation.   As above
stated, the accusation in this particular case was made in
direct and positive language of matters alleged to be within
the knowledge of the informant, and none were made upon
information and belief.   The words in the verification, ''ex-
cept as to such matters therein stated on information and
belief'' were mere surplusage.   We conclude, therefore, that
the verification taken in connection with the accusation is
sufficient to satisfy the requirement of the act.

Equally untenable is the appellant's second contention that
the Dental Act is void for the reason as claimed that it leaves
the decision as to what constitutes aiding and abetting to the
board, or to the individual making the accusation.   We are
cited to the case of *Hewitt* v. *Board of Supervisors,* 148 Cal.
590, [113 Am. St. Rep. 315, 7 Ann. Cas. 750, 3 L. R. A.
(N. S.) 896, 84 Pac. 39], as supporting appellant's claim.   The
case is not parallel.   It was decided under the Medical Act,
which provides that one who advertised the cure of diseases
by printing ''grossly improbable'' statements, is liable to a
revocation of his license; and it was held that the provisions
of the statute that all advertising of medical business in
which ''grossly improbable'' statements are made shall con-
stitute unprofessional conduct, for which the board may re-
voke the certificate, without defining what statements shall
be deemed ''grossly improbable''; and which leaves it to
the whim or caprice of the medical examiners, without any
standard for their guidance, is too indefinite and uncertain
to be enforced.

No such situation is here presented.   In the case at bar the
charges are direct and positive to the effect that appellant
actually aided and abetted said Keck in the commission of
his offense by supplying him with the tools necessary there-
for; that he was employed by appellant, and was supplied

with dental paraphernalia for the purpose of practicing dentistry, as defined by section 15 of the Dental Act. Said section clearly declares what is meant by the practice of dentistry; and the appellant is charged in the accusation with aiding and abetting an unlicensed person, known to him to be such, to so practice dentistry unlawfully, and of receiving the reward of such unlawful practice. Certainly the act of employing a person, providing him with an office and dental instruments for the purpose of practicing dentistry, and receiving the reward of his illegal practice, is aiding and abetting such person to commit the offense of practicing dentistry without a license.

There is no doubt or uncertainty as to what is meant by the words, "aiding and abetting" one to practice unlawfully, as used in the Dental Act, as claimed by respondent. This is a pure question of fact, which is subject to proof in the ordinary manner that proof is taken of such offenses in criminal courts.

The expression "to aid and abet" as used in criminal law means being present either actually or constructively at the time and place of the offense and doing some act which renders aid to the perpetrator.

The legislature certainly has the power to vest the determination of this question in the dental board.

We therefore conclude that the return to the writ shows jurisdictional facts sufficient to justify the assumption of jurisdiction by the board, and that it had the power to determine that the act charged constituted aiding and abetting within the meaning of the statute.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 12, 1914.