[Crim. No. 3372.   Second Appellate District, Division Two.—February 17, 1941.]

THE PEOPLE, Respondent, v. JAMES BEST, Appellant.

James Best, *in pro. per.,* for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

MOORE, P. J.—From two judgments of conviction of grand larceny, after former convictions of felonies, and from an order denying his motion for a new trial, defendant appeals. As grounds for reversal he contends: (1) that the proof was insufficient to establish his identity as the perpetrator of the crimes; (2) that the court erred in receiving certain testimony descriptive of firearms used by appellant in the commission of the crimes; (3) that the district attorney was guilty of misconduct in his argument to the jury, and (4) that the court erred in giving certain instructions with reference to "aiding and abetting" in the commission of the robberies.

■ Appellant was indicted for the commission of three felonies. In the first count he was accused of having robbed by means of force certain Japanese men of the sum of $8,000. On this count he was acquitted. The facts forming the basis of count 2 are as follows: On July 21, 1939, two men entered the lobby of the Hill and Atlantic branch of the Security-First National Bank. One of them stood in the customers' lobby while the other entered the enclosure behind the gate and by displaying his revolver forced the employees of the bank to face the rear wall while he took money from the cash drawers. Appellant was identified as the one who took the money by the employees of the bank, including Powell, Nelmes and the manager, DeWalt. At the time of the robbery appellant held a handkerchief over his face but lowered it to make his conversation intelligible to DeWalt, who was at a distance of two feet from him. At that time DeWalt gained a profile view of appellant's face. As to his general appearance and size, he was identified by Powell, and with particular reference to his size and dress by Mr. Nelmes. At the time appellant wore dark, white-rimmed glasses and held an automatic revolver. He removed from the bank $6,603.12.

The facts supporting count 3 of the indictment are as follows: On December 11, 1939, two men entered the front door of the Whittier and Euclid branch of the California Bank. One stood at the front door covering the employees and customers with a revolver while his partner, menacing those present with an automatic pistol, took currency from the tellers' cages in the amount of $2,124 and removed it from the bank.

Appellant was identified as taker of the money by the manager, Mr. Connell, the assistant manager, Mr. Higgens, three tellers, Messrs. Thomas, O'Malley and Schlundt, and the stenographer, Miss Gracy. All of the witnesses were positive of their identification. At the time appellant carried a .45 automatic, blue steel pistol that was worn and faded. While robbing this bank appellant wore nothing to conceal his features. He was subsequently arrested in Portland, Oregon. While waiting to be transported to Los Angeles, appellant conferred with Officer Stromwell of the Los Angeles police. He admitted to the officer that the two revolvers which he carried were his property. One was the .45 automatic and the other was a .38 Colt used by appellant in committing the robberies. He was shown a pair of white-rimmed dark glasses and admitted their ownership also. The glasses were introduced in evidence and were identified by the bank employees as the glasses worn by appellant at the time of the robbery. The only witness offered by appellant to rebut the testimony of the people's witnesses, one Jack Coady, a customer of the Security-First National Bank, was unable to contribute any testimony of value with reference to the lack of identity of appellant as the robber.

The evidence is ample to support the finding of the jury that appellant was the person who entered the two banks and by the use of firearms took away the money of the bank. (*People* v. *Pianezzi,* 42 Cal. App. (2d) 265 [108 Pac. (2d) 732].) The question of the identity of the robber was solely for the determination of the jury where there was substantial evidence to support it. (*People* v. *Farrington,* 213 Cal. 459, 463 [2 Pac. (2d) 814]; *People* v. *Connelly,* 195 Cal. 584, 593 [234 Pac. 374]; *People* v. *Deal,* 42 Cal. App. (2d) 33, 36 [108 Pac. (2d) 103].) That finding is fortified when the trial court in reviewing the evidence on the motion for a new trial denies the motion.

■ Appellant assigns as error the action of the court in allowing the police officer to describe the dark glasses subsequently received in evidence as an exhibit and the two revolvers which had been taken by the Portland police and held by them. There is no vice in allowing a witness to describe the firearms of a person accused of robbery, whether the witness saw the guns during the commission of the crime or

whether subsequently the robber identified the guns as his property. (*People* v. *Powell,* 71 Cal. App. 500, 513 [236 Pac. 311].) Not only had the officer seen the revolvers, but to him appellant admitted that they were his property.

The witnesses to both robberies described in detail the guns used by appellant. They described and identified the dark glasses worn by appellant in the commission of the robbery of the Security-First National Bank. The description of the guns, admitted by appellant, while in Portland to be his property, corresponded with the description by the witnesses of the guns used in the robberies. Such declarations were admissible as against interest and were competent evidence which, taken in connection with other proof, tended to establish the guilt of· appellant. (*People* v. *Ammerman,* 118 Cal. 23, 32 [50 Pac. 15].) Admitting such declarations under the circumstances was addressed to the trial court's discretion, which is not shown to have been abused. (*People* v. *Connelly,* 195 Cal. 584 [234 Pac. 374].)

Appellant assigns as error certain statements by the district attorney in the course of his argument. None of the argument of the district attorney is contained in the record. In his application for a transcript appellant did not specify argument of counsel as a portion of the phonographic reporter's notes required by him to be transcribed. It is true that appellant requested a "transcript of the entire proceeding from the commencement of the trial to and including the imposition of judgment." But this cannot be said to be a compliance with section 7, Rule II, of the Rules for the Supreme Court and District Courts of Appeal. That rule requires the court to order the phonographic reporter to transcribe such portions of his notes as in the opinion of the court may be necessary to fairly and fully present the points relied upon by appellant. Misconduct of the district attorney is not mentioned in the "Application for Transcript." The judge's order was to prepare the transcript "as applied for." If appellant's all-inclusive language in his application for a transcript may be deemed to require the argument and his assignment thereto, although he specified neither, we must conclude that there were no assignments made to the misconduct of the district attorney, in view of the presumption that the reporter has performed his official duty (sec. 963, Code. Civ. Proc., subd. 15) by excluding the arguments of

the district attorney and by including in the transcript all matters necessary to comply with the rules of this court. If appellant had any intention of prosecuting his appeal upon the misconduct of the district attorney, on finding that the record was void of the argument criticized and the assignments made, the order for a diminution of the record would have brought to this court any part of the argument of the district attorney and the assignments of error made thereto.

■ Since there is in the record neither argument of the district attorney nor assignment of error by appellant, we are in no position to determine that any prejudicial error occurred. (*People* v. *Green,* 13 Cal. (2d) 37, 45 [87 Pac. (2d) 821]; *People* v. *Collins,* 195 Cal. 325, 352 [233 Pac. 97].)

■ The final assignment of error made by appellant is that the court instructed the jury that all persons concerned in the commission of a crime, whether directly committing the act or whether they abetted its commission, shall be prosecuted, tried and punished as principals and are equally guilty. Appellant contends that there is no evidence presenting such issue in his case, for the reason that the employees of the bank described him as the "number one" man of the robberies and that there is no testimony to the effect that "defendant was any other member of the groups of robbers," and that there is no evidence which would bring him within the definition of an aider or abettor. But the distinction between principals and accessories was long ago abolished. Under the law all participants in felonies are chargeable as principals. Appellant would be equally as guilty whether he pressed his gun against the heads of the bank employees and required the delivery of the money or stood at the doorway and merely shouted terror to the employees if they did not comply with the demands by his partner for the bank's money. ■ To "abet" another in the commission of a crime implies a consciousness of guilt in instigating, encouraging, promoting or aiding the commission of such criminal offense. (Pen. Code, sec. 31; *People* v. *Steelik,* 187 Cal. 361, 367, 368 [203 Pac. 78]; *Lassen* v. *Board of Dental Examiners,* 24 Cal. App. 767, 772 [142 Pac. 505].)

Judgments and order are affirmed.

Wood, J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 17, 1941.